# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1802V

| | | |
|---|---|---|
| TERESA AULTMAN, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: November 17, 2025 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES | * | |
| Respondent. | * | |

*M. Clay Ragsdale, IV*, Ragsdale LLC, Birmingham, AL, for Petitioner.

*Alexa Roggenkamp*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS**[1]

On September 3, 2021, Teresa Aultman filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petition (ECF No. 1) ("Pet."). Petitioner initially alleged that as a result of Measles, Mumps, and Rubella and/or influenza vaccines received on October 1, 2018, she developed "chronic, disabling reactive arthritis and Sjogren's Syndrome." *See* Pet. at 1. She later refined her claim to allege as her injury a form of inflammatory polyarthropathy that could be understood to be seronegative rheumatoid arthritis. After the parties briefed their respective positions, I issued a decision denying entitlement on July 11, 2025. *See* Decision, dated July 11, 2025 (ECF No. 49).

Petitioner previously filed a motion for interim attorney's fees and costs, but has since offered this present motion, and requests that it be combined with the pending fees request. *See*

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Motion, dated Mar. 31, 2025 (ECF No. 47) ("Interim Fees Mot."); Motion, dated Oct. 29, 2025 (ECF No. 52) ("Final Fees Mot."). In total, Petitioner requests $178,766.60 in attorney's fees and costs (reflecting $162,318.35 in fees, plus $16,448.25 in costs) for the work of attorneys and staff at Ragsdale LLC. Interim Fees Mot. at 12; Final Fees Mot. at 2. Respondent reacted to the present fees request on November 12, 2025. *See* Response, dated Nov. 12, 2025 (ECF No. 53) ("Resp."). Respondent defers to my discretion as to whether the statutory requirements for a fees and costs award are met herein, and if so, the calculation of the amount to be awarded. Resp. at 2, 5. Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$178,766.60**.

## ANALYSIS

### I.  Petitioner's Claim had Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

2

The standard for finding the existence of reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Although Petitioner's claim was ultimately unsuccessful, I find there was sufficient objective basis to entitle her to a fees and costs award. Petitioner was unable to demonstrate that such a transient vaccine reaction "did cause" or "can cause" a subsequent inflammatory polyarthropathy, or that her injury lasted long enough to meet the Act's severity requirement. But the failure to meet the evidentiary test for entitlement does not mean the claim was not well-founded, from an objective evidentiary basis. And Petitioner's allegations of a suspicious, post-vaccination reaction did have evidentiary support, and treaters found it difficult to ascertain an explanation for those issues. Thus (and because I find no other reason to deny fees despite the claim's disposition), a final award of fees and costs in this matter is appropriate.

## II.     Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bass the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

(citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorney and support staff, based on the years work was performed:

|                                 | 2019     | 2020     | 2021     | 2022     | 2023     | 2024     | 2025     |
|---------------------------------|----------|----------|----------|----------|----------|----------|----------|
| **M. Clay Ragsdale (Attorney)** | --       | $430.00  | $450.00  | $485.00  | $530.00  | $565.00  | $580.00  |
| **Allison L. Riley (Attorney)** | $305.00  | $325.00  | $350.00  | $375.00  | $410.00  | $450.00  | $480.00  |
| **Amy Johnson (Paralegal)**     | $150.00  | $155.00  | $170.00  | $177.00  | $180.00  | $190.00  | $195.00  |
| **Anne Burke (Paralegal)**      | --       | $141.00  | $150.00  | $160.00  | $170.00  | $175.00  | $180.00  |

Interim Fees Mot. at 8–10; Final Fees Mot. at 5.

The attorneys at Ragsdale LLC practice in Birmingham, Alabama—a jurisdiction that has been deemed "in forum." Accordingly, they should be paid at forum rates as established in *McCulloch*. *See Hughes v. Sec'y of Health & Hum. Servs.*, No. 18-1895V, 2023 WL 2156640, at *2 (Fed. Cl. Spec. Mstr. Feb. 22, 2024). The requested rates are also consistent with what has previously been awarded in accordance with the Office of Special masters' fee schedule.[5] *See Williamson v. Sec'y of Health & Hum. Servs.*, No. 23-1149V, 2025 WL 2742024 (Fed. Cl. Spec. Mstr. Aug. 26, 2025). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

### III.     Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedule, https://www.uscfc.uscourts.gov/node/2914 (last visited Nov. 17, 2025).

working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $16,448.25 in outstanding costs, including the filing fee, medical record retrieval costs, medical literature costs, and costs associated with the work of two experts—Chander Raman, M.D., and Greg Eudy, M.D. Interim Fees Mot. at 12; ECF No. 47-4 at 3. Dr. Raman prepared three written reports in the matter and submitted an invoice reflecting a total amount of $13,252.50 (29.7 of work billed at $425.00 for work performed in 2021 and 2022; and $450.00 for work performed in 2023 and 2024). ECF No. 47-4 at 44. Dr. Eudy, Petitioner's treating rheumatologist, prepared two opinion letters regarding diagnosis and causation in the matter and submitted two invoices reflecting a total of $1,090.00. *Id.* at Interim Fees Mot. at 11; ECF No. 47-4 at 3, 43. The total amount charged was reasonable for the work performed, and I do not find any reason to make reductions. The same is true for the other litigation-related costs. Thus, all requested costs in this matter shall be awarded in full without reduction.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety. Petitioner is awarded a total amount of **$178,766.60**, reflecting $162,318.35 in fees, plus $16,448.25 in costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[6]


**IT IS SO ORDERED.**


/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.